IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(TAMPA)

JENNIFER BONILLA,

    Plaintiff,

v.

CRESCENT BANK & TRUST
COMPANY,

    Defendant.
_____/

CASE NO.: 8:16cv743T30 MAP

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW Plaintiff, JENNIFER BONILLA (hereinafter "Ms. Bonilla"), by and through the undersigned counsel, and sues Defendant, CRESCENT BANK & TRUST COMPANY (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CRESCENT BANK & TRUST COMPANY ("Defendant") from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission ("FCC"), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." <u>Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones</u>, Federal Communications Commission, (May 27, 2015), <u>http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf</u>.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and Florida Statutes.

7. The alleged violations described in the Complaint occurred in Lee County, Florida.

## FACTS COMMON TO ALL COUNTS

8. Ms. Bonilla is a natural person, and citizen of the State of Florida, residing in Lee County, Florida

9. Ms. Bonilla is a "consumer" as defined in Florida Statute § 559.55(8).

10. Ms. Bonilla is an "alleged debtor."

11. Ms. Bonilla is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Defendant is a corporate entity which sought to collect from Ms. Bonilla an alleged debt arising from transactions incurred primarily for personal, family, or household purposes and is transacting business in the State of Florida.

13. Defendant is a corporate entity which was formed in New Orleans, Louisiana with its principal place of business located at 1100 Poydras Street, Suite 100, New Orleans, Louisiana 70163 and which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

15. Defendant consents of, and, has knowledge and control of, the collection activities of its agents and representatives, including supervisors, managers, affiliates,

subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for, and in, the collection of the alleged debt.

16. Defendant called Ms. Bonilla in excess of sixty (60) times since July 2014, in an attempt to collect an alleged debt.

17. Defendant contacted Ms. Bonilla on her cellular telephone number (239) 440-9918.

18. Defendant attempted to collect an alleged debt from Ms. Bonilla by this campaign of telephone calls.

19. Defendant called Ms. Bonilla in attempt to collect an alleged debt from her despite its knowledge the actual debtor was in fact Ms. Bonilla's former husband, Edward Bonilla.

20. Defendant intentionally harassed and abused Ms. Bonilla on numerous occasions by calling on back to back days with such frequency as can reasonably be expected to harass.

21. Ms. Bonilla was contacted by Defendant with such frequency she was unable to keep a fully contemporaneous log of each and every call she received from Defendant.

22. Although Ms. Bonilla was unable to keep a fully contemporaneous listing (log) of each and every call she received from Defendant to her cellular telephone, she was able to maintain the following contemporaneous list:

   i. July 30, 2014 at 8:34 a.m.;

   ii. August 20, 2014 at 8:18 a.m.;

    iii.    August 21, 2014 at 9:58 a.m.;

    iv.    August 22, 2014 at 9:58 a.m.;

    v.    August 25, 2014 at 10:38 a.m.;

    vi.    August 27, 2014 at 10:03 a.m.;

    vii.    August 28, 2014 at 9:05 a.m.;

    viii.    August 29, 2015 at 9:20 a.m.;

    ix.    September 2, 2014 at 12:16 p.m.;

    x.    September 4, 2014 at 12:08 p.m.;

    xi.    September 5, 2014 at 10:49 a.m.;

    xii.    September 8, 2014 at 12:37 p.m.;

    xiii.    September 10, 2014 at 10:15 a.m.;

    xiv.    September 20, 2014 at 9:27 a.m.;

    xv.    September 22, 2014 at 2:43 p.m.;

    xvi.    September 23, 2014 at 1:26 p.m.;

    xvii.    September 24, 2014 at 1:48 p.m.;

    xviii.    September 25, 2014 at 10:23 a.m.;

    xix.    September 25, 2014 at 10:24 a.m.;

    xx.    September 29, 2014 at 1:08 p.m.;

    xxi.    October 7, 2014 at 11:03 a.m.;

    xxii.    October 9, 2014 at 12:28 p.m.;

    xxiii.    October 10, 2014 at 10:17 a.m.;

    xxiv.    October 14, 2014 at 10:33 a.m.;

xxv. October 17, 2014 at 9:46 a.m.;

xxvi. October 23, 2014 at 2:56 p.m.;

xxvii. October 24, 2014 at 9:36 a.m.;

xxviii. October 27, 2014 at 12:36 p.m. from telephone number 757-548-7502;

xxix. October 28, 2014 at 10:07 a.m.;

xxx. October 29, 2014 at 12:29 p.m.;

xxxi. October 30, 2014 at 9:35 a.m.;

xxxii. October 31, 2014 at 10:32 a.m.;

xxxiii. November 3, 2014 at 1:10 p.m.;

xxxiv. November 4, 2014 at 10:00 a.m. from telephone number 888-806-0080;

xxxv. December 23, 2014 at 12:36 p.m. from telephone number 866-208-8288;

xxxvi. December 30, 2014 at 1:44 p.m. from telephone number 228-222-5498;

xxxvii. February 20, 2015 at 11:44 a.m. from telephone number 228-222-5498;

xxxviii. March 20, 2015 at 8:28 a.m. from telephone number 504-684-2144;

xxxix. April 20, 2015 at 9:27 a.m. from telephone number 813-327-5800;

xl. April 21, 2015 at 12:30 p.m. from telephone number 813-327-5800;

xli. April 22, 2015 at 2:06 p.m.;

xlii. April 23, 2015 at 9:15 a.m.;

xliii. April 24, 2015 at 12:19 p.m;

xliv. May 20, 2015 at 12:09 p.m. from telephone number 813-327-5800;

xlv. May 20, 2015 at 12:12 p.m. from telephone number 813-327-5800;

xlvi. May 21, 2015 at 1:15 p.m. from telephone number 813-327-5800;

 xlvii. May 22, 2015 at 11:21 a.m. from telephone number 866-208-8288;

 xlviii. May 26, 2015 at 1:30 p.m. from telephone number 866-208-8288;

 xlix. May 27, 2015 at 2:13 p.m. from telephone number 813-327-5800;

 l. May 28, 2015 at 10:27 a.m. from telephone number 866-208-8288;

 li. May 28, 2015 at 11:45 a.m. from telephone number 813-327-5800;

 lii. May 29, 2015 at 8:23 a.m. from telephone number 866-208-8288;

 liii. May 29, 2015 at 10:23 a.m. from telephone number 813-327-5800;

 liv. June 1, 2015 at 11:42 a.m. from telephone number 484-483-2047;

 lv. June 2, 2015 at 1:21 p.m. from telephone number 813-327-5800;

 lvi. June 3, 2015 at 1:39 p.m. from telephone number 813-327-5800;

 lvii. June 4, 2015 at 9:57 a.m. from telephone number 813-327-5800;

 lviii. June 5, 2015 at 9:47 a.m. from telephone number 813-327-5800;

 lix. July 31, 2015 at 10:30 a.m. from telephone number 813-327-5800; and

 lx. August 4, 2015 at 11:50 a.m. from telephone number 866-208-8288.

23. Ms. Bonilla contacted Defendant on December 31, 2014 to specifically advise Defendant that Defendant was calling the wrong party.

24. During the same telephone conversation between Ms. Bonilla and Defendant on December 31, 2014, Ms. Bonilla notified Defendant no one by the name Edward Bonilla was associated with her cellular telephone number.

25. During the same telephone conversation between Ms. Bonilla and Defendant on December 31, 2014, Ms. Bonilla requested Defendant remove her cellular telephone number from its call list.

26. Ms. Bonilla notified Defendant upon each and every answered call that Ms. Bonilla was not the alleged debtor, Edward Bonilla, in which Defendant was attempting to contact.

27. Ms. Bonilla notified Defendant upon each and every answered call that Ms. Bonilla was not the alleged debtor and further demanded Defendant to cease all calls it was making to Ms. Bonilla's cellular telephone.

28. Although Ms. Bonilla notified Defendant upon each and every answered call that Ms. Bonilla was not the alleged debtor, Edward Bonilla, and further requested Defendant to cease all calls to her cellular telephone, Ms. Bonilla specifically made note of the following dates on her call listing (log) in which she demanded Defendant to cease all calls it was making to her cellular telephone.

   i.   June 5, 2015;

   ii.  August 4, 2015.

29. Ms. Bonilla notified Defendant upon each and every answered call that Ms. Bonilla did not owe Defendant any monies nor had Ms. Bonilla been a signor on Edward Bonilla's, her former husband, loan with Defendant.

30. On information and belief, the telephone calls placed by Defendant used automated telephone dialing equipment which had the capacity to place a high volume of phone calls without human intervention.

31. Each call Defendant made to Ms. Bonilla was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers

to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

32. Each call Defendant made to Ms. Bonilla's cell phone was done so without the "express permission" of Ms. Bonilla.

33. Defendant has a corporate policy to use an automatic telephone dialing system, or a pre-recorded or artificial voice, to contact individuals, just as Defendant did when Defendant called Ms. Bonilla's cellular telephone in this case.

34. Defendant has a corporate policy to use an automatic telephone dialing system, or a pre-recorded or artificial voice, just as Defendant did when Defendant called Ms. Bonilla's cellular telephone in this case, with no way for a consumer, Ms. Bonilla, or, Defendant, to remove the incorrect cellular telephone number.

35. Defendant's corporate policy is structured so as to continue to call individuals like Ms. Bonilla, despite these individuals explaining to Defendant that Defendant is calling and/or contacting the wrong individual.

36. Defendant has other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

37. Defendant has numerous complaints made about it across the country asserting its automatic telephone dialing system continues to call and/or contact the wrong individual(s).

38. Defendant has had numerous complaints against them from consumers across the country asking to not be called, however Defendant continues to call said consumers.

39. Defendant's corporate policy provided no means for Ms. Bonilla to have her cellular telephone number removed from Defendant's call list.

40. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not owe the alleged debt.

41. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties are not the intended party it is calling.

42. Ms. Bonilla did not expressly consent to Defendant's placement of telephone calls to Ms. Bonilla's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice throughout any of the duration Defendant placed calls to Ms. Bonilla's cellular telephone number.

43. Not a single call placed by Defendant to Ms. Bonilla were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

44. Defendant willfully and/or knowingly violated the TCPA with respect to Ms. Bonilla.

45. As the outcome of these collection efforts, Ms. Bonilla suffered a loss of happiness, concentration, sleep, weight and appetite as well as suffering with severe stress, anxiety, nervousness, fear and worry, emotional distress, night sweats and headaches which were the direct and proximate result of the attempted collection of the subject account allegedly owed by Ms. Bonilla.

## COUNT I
### (Violation of the Telephone Consumer Protection Act "TCPA")

46. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-five (45) above and further states:

47. At all times relevant to this action Defendant is subject to and must abide by Federal Law, including, without limitation, 47 U.S.C. §227.

48. Defendant has violated § 227(b)(1)A)(iii) by using an "automatic telephone dialing system or an artificial prerecorded voice – [...] to any [...] cellular telephone service [...] or any service for which the called party is charged for the call."

49. Defendant willfully violated the TCPA with respect to Ms. Bonilla, especially and specifically for each of the auto-dialer calls Defendant made to Ms. Bonilla's cellular telephone after Ms. Bonilla notified Defendant that Defendant was calling the wrong number and to stop calling Ms. Bonilla.

50. Defendant repeatedly placed non-emergency telephone calls to Ms. Bonilla's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Ms. Bonilla's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the Florida Consumer Collection Practices Act "FCCPA")

51. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-five (45) above and further states:

52. At all times relevant to this action Defendant is subject to, and must abide by, the laws of the State of Florida, including Florida Statute § 559.72.

53. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the (alleged) debtor or his or her family.

54. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the (alleged) debtor or any member of her family.

55. Defendant has violated Florida Statute § 559.72(9) by claiming, attempting, or, threatening to enforce a debt when it knows the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

56. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual

damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully Submitted,

Jared M. Lee, Esquire
Florida Bar No.: 0052284
Morgan & Morgan, Tampa, P.A.
20 N. Orange Ave., Ste. 1600
Orlando, FL 32801
Tele: (407) 420-141 /Fax: (407) 245-3485
JLee@ ForThePeople.com
JMLPleadings@ForThePeople.com
*Counsel for Plaintiff(s)/Claimant(s)*